NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of D.S. and G.S., children.           )
                                                      )
————————————————————————                              )
                                                      )
C.S.,                                                 )
                                                      )
                   Appellant,                         )
                                                      )
v.                                                    )           Case No. 2D16-1574
                                                      )
DEPARTMENT OF CHILDREN AND                            )
FAMILIES, GUARDIAN                                    )
AD LITEM PROGRAM, and J.S.,                           )
                                                      )
                   Appellees.                         )
                                                      )
————————————————————————                              )

Opinion filed November 16, 2016.

Appeal from the Circuit Court for Collier
County; Joseph G. Foster, Judge.

Richard F. Joyce of Law Office of Richard
F. Joyce, P.A., Miami, for Appellant.

Stephanie C. Zimmerman, Bradenton,
for Appellee Department of Children and
Families.

Sara Goldfarb, Sanford, for Appellee
Guardian Ad Litem Program.

Whitney Coyne of Coyne Law, P.A.,
Sarasota, for Appellee J.S.

SLEET, Judge.

C.S., the natural mother of D.S. and G.S., appeals an order denying her motion to vacate an order closing the case and terminating the court's jurisdiction over the case. The proceeding that led to the entry of the order closing the case had been entered on the court's "own motion" without proper notice to the mother, and the order was entered over objection by the Department of Children and Families and the mother. In light of the Department's concession of error in this case, we decline to discuss all of the proceedings below. We observe only that prior to entering the order closing the case, the trial court had orally adjudicated the children dependent, but it had failed to enter a written order adjudicating the children dependent and it had failed to conduct a disposition hearing. The Department concedes that, under the facts in this case, the trial court was required to conduct a disposition hearing under section 39.521, Florida Statutes (2015), before closing the case and terminating jurisdiction. Accordingly, we reverse and remand for the trial court[1] to enter a written order adjudicating the children dependent, hold a properly noticed disposition hearing, and enter a disposition order. The children shall remain in their current placement pending the entry of a disposition order.

Reversed and remanded.

NORTHCUTT and KHOUZAM, JJ., Concur.

---

[1]A successor judge has been appointed to handle the case.